UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

IN RE
   TODD M. WEBER, SR.
   TAMMY J. WEBER

         Debtors,       Bankr. Case No. 06-60457

CFCU COMMUNITY CREDIT UNION,

         Appellant,      Dist. Ct. Civil Action
                  6:07-CV-0433
   -against-           (LEK)

TODD M. WEBER, SR.
AND TAMMY J. WEBER,

         Appellees.

**DECISION AND ORDER**

   On April 20, 2007, Appellant CFCU Community Credit Union ("CFCU") filed with this Court a Notice of Appeal from an Order of the United States Bankruptcy Court for the Northern District of New York (Gerling, Chief B.J.), entered on July 10, 2006, denying Appellant's Motion to limit the claim of homestead exception made by Todd and Tammy Weber ("Debtors") to $20,000. Notice of Appeal (Dkt. No. 1); Order (Dkt. No. 1, Attach. 4). CFCU contends that the Bankruptcy Court erred in allowing Debtors to claim an increased homestead exemption based on an amendment to New York law enacted on August 30, 2005, subsequent to when CFCU's claim arose. For the following reasons, the July 10, 2006 decision of the Bankruptcy Court is affirmed.

## I.  STANDARD OF REVIEW

In reviewing the rulings of a bankruptcy court, a district court applies the clearly erroneous standard to a bankruptcy court's conclusions of fact, and reviews de novo conclusions of law.  In re Momentum Manufacturing Corp., 25 F.3d 1132, 1136 (2d Cir. 1994).  See also Yarinsky v. Saratoga Springs Plastic Surgery, 310 B.R. 493, 498 (N.D.N.Y. 2004) (Hurd, J.) (citing In re Manville Forest Prods. Corp., 209 F.3d 125, 128 (2d Cir. 2000)); In re Petition of Bd. of Dirs. of Hopewell Int'l Inst. Ltd., 275 B.R. 699, 703 (Bankr. S.D.N.Y. 2002); FED. R. BANKR. P. 8013.

## II.  DISCUSSION

Appellants argue that the Bankruptcy court erred in ruling that the August 30, 2005 amendment to Section 5206 (a) of the New York Civil Practice Law and Rules ("NYCPLR"), which increased the allowable homestead exemption from the property of a bankruptcy estate from $10,000 to $50,000, should apply retroactively.  This issue is entirely legal; there is no material dispute about the underlying facts.

Subsequent to the filing of the present appeal, this Court affirmed a decision of the bankruptcy court on this same issue, over Appellant's objections.  CFCU v. Little, No. 6:06-CV-1148, 2007 WL 2791122 (N.D.N.Y. Sept. 24, 2007) (Kahn, J.) (slip copy).   In that case, the Bankruptcy Court allowed the debtors to claim a homestead exemption of $41,537, despite the fact that CFCU's claim was based on a loan made prior to the effective date of the 2005 amendment to NYCPLR § 5206.  Id. at *1. After CFCU appealed, the Court upheld the retroactive application of the 2005 amendment, finding that the amendment is remedial, in that it was designed to repair an imperfection in the prior law, which had rendered the homestead

exemption "nearly valueless." Id. at *2-3. Additionally, the Court determined that the retroactive application of the 2005 amendment does not impair contractual rights in violation of the Contract Clause of the United States Constitution. This determination was based on CFCU's ability to anticipate an increase in the homestead exemption. Id. at *4.

Because the issues involved in this appeal are identical to those addressed recently by the Court in CFCU v. Little and no intervening change in law alters the analysis, the Court relies upon that decision in upholding the July 10, 2006 decision of the Bankruptcy Court. Reference is made to that prior decision for a lengthier discussion of the retroactivity and constitutionality of the 2005 amendment.

### III.  CONCLUSION

Accordingly, it is hereby

**ORDERED**, that the July 10, 2006 Memorandum Decision-Order of the Bankruptcy Court is **AFFIRMED**; and it is further

**ORDERED**, that CFCU's appeal is **DISMISSED**; and it is further

**ORDERED**, that the Clerk of the Court shall serve copies of this Order by regular mail upon the parties to this action.

**IT IS SO ORDERED**.

DATED:	February 29, 2008
	Albany, New York

Lawrence E. Kahn
U.S. District Judge

3